# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-02022 JVS(DFMx)** | Date | January 22, 2018 |

Title     **Joann Gonzalez v. Costco Wholesale Corporation, et al.**

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS)ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO DISMISS**

**The Court, having been informed by the parties in this action that they submit on the Court's tentative ruling previously issued, hereby DENIES the Plaintiff's Motion to Remand and GRANTS the Defendants' Motion to Dismiss. Plaintiff is granted 20 days leave to file and Amended Complaint as indicated.**
**This ruling is made in accordance with the tentative ruling as follows:**

Before the Court are two motions.

First, Plaintiff Joann Gonzalez ("Gonzalez") filed a motion to remand this action to Orange County Superior Court. (Mot., Docket No. 10.) Defendant Costco Wholesale Corporation ("Costco") filed an opposition. (Opp'n, Docket No. 13.) Gonzalez filed a reply. (Reply, Docket No. 14.)

For the reasons set forth below, the Court **denies** the motion to remand.

Second, Costco filed a motion to dismiss Gonzalez's complaint or, in the alternative, a motion for a more definitive statement. (Mot., Docket No. 11.) Gonzalez did not file an opposition or notice of non-opposition to the motion as required by Local Rule 7-9. The Court deems Gonzalez's failure to oppose as consent to the granting of the motion to dismiss. L.R. 7-12.

For that reason, and for the reasons set forth below, the Court **grants** the motion to dismiss.

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-02022 JVS(DFMx)** | Date | January 22, 2018 |

| | |
|---|---|
| Title | **Joann Gonzalez v. Costco Wholesale Corporation, et al.** |

## I. BACKGROUND

Gonzalez began working for Costco on or about June 15, 2008. (Compl., Docket No. 1-1 ¶ 9.) She was diagnosed with cancer in 2009 and took medical leave. (Id. ¶¶ 13, 16.) Gonzalez alleges that she was able to work with reasonable accommodations. (Id. ¶ 14.) However, she resigned from Costco on or about November 30, 2016. (Id. ¶ 10.) Costco had canceled Gonzalez's medical insurance prior to her resignation. (Id. ¶ 18.) Gonzalez alleges that she experienced discrimination and retaliation for taking time off to accommodate her disability. (Id. ¶ 17.) Gonzalez alleges that her resignation was a constructive termination. (Id. ¶ 19.)

On September 13, 2017, Gonzalez filed a complaint against Costco, Alfredo Rodriguez, Greg Gardner, Pedro Morello, and Fidel Cardoso (collectively, "Defendants") in Orange County Superior Court. (Compl., Docket No. 1-1.) The Complaint asserts ten causes of action for: (1) disability discrimination; (2) harassment based on disability; (3) failure to accommodate; (4) failure to engage in the good faith interactive process; (5) negligent infliction of emotional distress; (6) intentional infliction of emotional distress; (7) retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); (8) retaliation in violation of California Family Rights Act ("CFRA") leave; (9) retaliation for exercising a right afforded to the employee (Cal. Labor Code § 98.6); and (10) retaliation for reasonable complaint of workplace violations (Cal. Labor Code § 1102.5). (See generally id.)

Costco removed the action to this Court on November 17, 2017, based on federal question jurisdiction. (Docket No. 1.) Costco states that it was a party to a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters ("Teamsters"), which governed the terms and conditions of Gonzalez's employment. (Id. at 2–3.) Costco argues that Gonzalez's first, second, fifth, sixth, seventh, eighth, ninth, and tenth causes of action all necessarily involve interpreting the CBA, and are thus preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"). (Id. at 6.)

## II. LEGAL STANDARD

### A. Motion for remand pursuant to 28 U.S.C. § 1447(c)

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-02022 JVS(DFMx)** | Date | January 22, 2018 |

| | |
|---|---|
| Title | **Joann Gonzalez v. Costco Wholesale Corporation, et al.** |

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

### B. Rule 12(b)(6) motion to dismiss for failure to state a claim

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III. DISCUSSION

### A. Motion to Remand

Costco removed this action to federal court based on federal question jurisdiction. (See Docket No. 1 at 2.) Costco argues that Gonzalez's claims are preempted by the LMRA despite Gonzalez's failure to allege that her employment with Costco was

governed by the CBA. (Opp'n, Docket No. 13 at 5.) Gonzalez maintains that her claims are not preempted because her Complaint does not address any contract violations. (Mot., Docket No. 10-1 at 5.)

1.      The Complete Preemption Doctrine

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). However, pursuant to the "complete preemption" doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). The complete preemption doctrine is "a narrow exception" to the well-pleaded complaint rule and only applies in "a handful of 'extraordinary' situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes." Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993). "The complete preemption doctrine is sometimes implicated in cases raising claims preempted by § 301 of the LMRA." Castillo v. Long Beach Mem'l Med. Ctr., 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) (internal citations omitted).

2.      LMRA Section 301(a)Preemption

Section 301(a) of the LMRA gives federal courts jurisdiction to hear "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a); see also Franchise Tax Bd. of State of Cal. v. Const. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 23 (1983). Section 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 404 (1988).

Courts have applied the preemptive effect of § 301 beyond suits alleging the violation of a collective bargaining agreement in order to further the goal of uniform interpretation of labor contracts. See, e.g, Allis–Chalmers Corp. v. Lueck, 471 U.S. 202, 210–11 (1985). Therefore, courts find that a state law claim is preempted if it is so

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 17-02022 JVS(DFMx)** | Date | January 22, 2018 |
|---|---|---|---|

| Title | **Joann Gonzalez v. Costco Wholesale Corporation, et al.** |
|---|---|

"inextricably intertwined" with the terms of a labor contract that its resolution will require judicial interpretation of those terms. Id. at 213 (finding that § 301 preempted a claim for breach of the duty of good faith and fair dealing because the court needed to assess "good faith" and "fair dealing" in relation to the contractual obligations).

However, § 301 does not preempt a claim that seeks to vindicate "nonnegotiable state-law rights . . . independent of any right established by contract . . . ." Id. Thus, if a contract cannot waive or alter a state law, and if the rights the state law creates can be enforced without considering the contract's terms, § 301 does not preempt the claim. See Miller v. AT & T Network Systems, 850 F.2d 543, 546 (9th Cir. 1988). "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 691 (9th Cir. 2001) (en banc), cert. denied, 534 U.S. 1078 (2002).

In addition, a defendant cannot invoke preemption by only alleging a "hypothetical connection between the claim and the terms of the CBA," or a "creative linkage" between the subject matter of the suit and the wording of the CBA. Id. at 691–92. To prevail, "the proffered interpretation argument must reach a reasonable level of credibility." Id. at 692. A preemption argument is not credible "simply because the court may have to consult the CBA to evaluate [a plaintiff's claim]; [similarly,] 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption." Id. (quoting Livadas v. Bradshaw, 512 U.S. 107, 125 (1994)).

In Cramer, the Ninth Circuit clarified the scope of the LMRA's preemptive effect:

> To the extent our prior cases held or implied that preemption was proper because of the mere possibility that the subject matter of the claim was a proper subject of the collective bargaining process, whether or not specifically discussed in the CBA, we today hold such statements to be an incorrect articulation of § 301 preemption principles. A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute.

Id. at 693; see also Humble v. Boeing Co., 305 F.3d 1004, 1007–08 (9th Cir. 2002)

(stating that Cramer "revised [the] framework for analyzing § 301 preemption and synthesized the considerations involved").

To determine whether a cause of action is preempted by the LMRA, a court needs to use a two-part test established by the Ninth Circuit. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, a court needs to determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and . . . analysis ends . . . ." However, if "the right exists independently of the CBA, [a court] must still consider whether it is nevertheless substantially dependent on analysis of a collective-bargaining agreement. If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." Id. at 1059–60 (internal quotations and citations omitted).

Gonzalez maintains that her claims arise entirely out of state law, not the CBA, and the Court agrees. (Mot., Docket No. 10-1 at 7.) Therefore, the Court must determine whether her claims are "nevertheless substantially dependent" on the CBA. See Burnside, 491 F.3d at 1059.

1.　　The LMRA Preempts Gonzalez's Intentional and Negligent Infliction of Emotional Distress Claims (Fifth and Sixth Causes of Action)

"An emotional distress claim is not preempted when it can be resolved without examination or interpretation of the CBA." Cook v. Lindsay Olive Growers, 911 F.2d 233, 239 (9th Cir. 1990). However, when analyzing whether the employer's behavior is extreme and outrageous involves an examination and interpretation of the collective bargaining agreement, the LMRA preempts the claim. Id.; Harris v. Alumax Mill Prod., Inc., 897 F.2d 400, 402–03 (9th Cir. 1990) (holding that § 301 preempted an intentional infliction of emotional distress claim that alleged wrongful termination based on application of an attendance policy set forth in a CBA and thus required interpretation of the CBA); Hyles v. Mensing, 849 F.2d 1213, 1216 (9th Cir. 1988) (holding that emotional distress complaints based on conduct governed by the CBA were preempted). "[I]f the CBA specifically covers the conduct at issue, the claim will generally be preempted." Humble, 305 F.3d at 1013. Almost always, claims for intentional

infliction of emotional distress will be preempted unless the alleged behavior is explicitly prohibited by mandatory statute and the state defines violation in all circumstances as "sufficiently outrageous" to support such a claim. See Miller, 850 F. 2d at 550 n.5. It should be noted that the mandatory nature of the state statute and independence from the CBA are high hurdles to surpass in order to avoid preemption.

Here, Gonzalez makes broad assertions, but the basis of her claims appears to be her alleged reprimand and suspension by Costco for taking time off to accommodate her disability and the allegedly illegal cancellation of her medical insurance. (See, e.g., Compl., Docket No. 1-1 ¶ 62 ("The actions of Defendant caused Plaintiff to suffer emotional distress and she was injured thereby, as demonstrated above"); Compl., Docket No. 1-1 ¶ 65 ("By committing the above referenced actions, Defendants intentionally and/or recklessly acted in an extreme and outrageous manner that they knew or should have known would subject plaintiff to sever emotional distress.").) At all times during Gonzalez's employment, Costco and the Teamsters were parties to the CBA that governed the terms and conditions of Gonzalez's employment with Costco. (Declaration of Fidel Cardoso ("Cardoso Decl."), Docket No. 1-3 ¶ 2.) That CBA covered the conduct at issue here. See Humble, 305 F.3d at 1013. For instance, Article IV of the CBA provides detailed rules and procedures on employee discipline, including suspension. (See Cardoso Decl., Ex. E at 6–10.) Additionally, Article XXIX specifies the length of time for which benefits including medical coverage will continue while an employee is out on leave. (Id. at 48–50.) Moreover, Gonzalez points to no mandatory statute prohibiting Costco's alleged conduct. Therefore, the LMRA preempts her emotional distress claims.

In sum, the Court finds that Gonzalez's fourth and fifth claims for relief are completely preempted by section 301. It is therefore unnecessary to determine whether any of Gonzalez's other claims are preempted.[1] Accordingly, Gonzalez's motion for remand is denied. Her request for attorneys' fees is also denied.

### B.    Motion to Dismiss

---

[1] Because the Court finds that the fourth and fifth claims for relief are preempted, it retains, at a minimum, supplemental jurisdiction with respect to the remaining claims. 28 U.S.C. § 1367.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SACV 17-02022 JVS(DFMx)** | Date | January 22, 2018 |

| | |
|---|---|
| Title | **Joann Gonzalez v. Costco Wholesale Corporation, et al.** |

Costco moves to dismiss Gonzalez's complaint for failure to state a claim. As noted above the Court grants this motion based on Local Rule 7-12. In addition, the Court notes the following deficiencies with the Complaint:

1. The Complaint is generally devoid of sufficient factual allegations.

2. The Complaint notes that Gonzalez was diagnosed with cancer, but refers to her "disability" or "disabilities" without identifying any. (See, e.g., Compl. ¶¶ 29, 43.)

2. The Complaint does not identify what accommodations Gonzalez sought or what accommodations were denied. (See, e.g., id. ¶¶ 29, 43.)

3. The Complaint does not identify what Gonzalez complained about. (See, e.g., id. ¶¶ 12, 95.)

4. The Complaint does not identify how Gonzalez was harassed. (See, e.g., id. ¶¶ 36, 95.)

5. The Complaint does not identify when Gonzalez went on medical leave. (See, e.g., id. ¶¶ 16, 81.)

6. The Complaint does not identify what forms the basis of her claims for negligent and intentional infliction of emotional distress. (See, e.g., id. ¶¶ 60–69.)

7. The Complaint refers to "Defendant" and "Defendants" interchangeably without identifying which of the five named Defendants Gonzalez is making allegations against. (See, e.g., id. ¶¶ 9, 14.)

8. The Complaint does not identify against whom she is alleging each of her ten causes of action. (See generally id.)

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 17-02022 JVS(DFMx)** | Date | January 22, 2018 |
|---|---|---|---|
| Title | **Joann Gonzalez v. Costco Wholesale Corporation, et al.** | | |

9.      Gonzalez's claims for negligent and intentional infliction of emotional distress are barred unless she sufficiently alleges that Costco's conduct "contravenes fundamental public policy" or "exceeds the risks inherent in the employment relationship." <u>See</u> <u>Miklosy</u> <u>v.</u> <u>Regents</u> <u>of</u> <u>Univ.</u> <u>of</u> <u>California</u>, 44 Cal. 4th 876, 902 (2008).


# IV.  CONCLUSION

For the foregoing reasons, the Court **denies** Gonzalez's motion to remand and **grants** Costco's motion to dismiss without prejudice.  Gonzalez shall have twenty (20) days to file an amended Complaint addressing the deficiencies identified in this order.

## IT IS SO ORDERED.

.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |